UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                                  Case No. 15-32592-DHW
                                                        Chapter 13
WILLIE LEE MOORER,

   Debtor.

## MEMORANDUM OPINION

In this chapter 13 case, Republic Finance (hereinafter "Republic") objects to the debtor's proposed post-confirmation modification of the plan. The debtor's modified plan proposes to surrender the property that is collateral for the Republic loan and thereafter, to treat Republic's claim, if one remained after liquidation of the collateral, as unsecured. For the following reasons, the debtor's proposed modified plan will be approved.

### Jurisdiction

The court's jurisdiction in this disputed matter is derived from 28 U.S.C. § 1334 and from an order of The United States District Court for this district wherein that court referred its title 11 jurisdiction to the Bankruptcy Court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), this court's jurisdiction extends to the entry of a final order or judgment.

### Undisputed Facts

On February 16, 2015, the debtor borrowed approximately $3,800 from Republic. That loan was secured by various items of personal property.

On June 10, 2015, the debtor filed this chapter 13 petition for relief in this court. The debtor's plan proposed to retain the personal property that was collateral for the Republic loan and to pay the claim in full with interest at 38.72% per annum. The plan was confirmed on December 12, 2015.

On April 21, 2017, the debtor moved to modify the confirmed plan. Under

the modification, the debtor proposed to surrender all property securing Republic's loan, and after liquidation of that property, to treat any remaining claim of Republic as unsecured.

## Legal Conclusions

The sole issue presented here is whether a chapter 13 debtor may modify a confirmed plan to surrender collateral to a secured creditor and thereafter, reclassify any remaining deficiency as a general unsecured claim provided that the modification is made in good faith.

The issue is not a new one for this court. In a prior case, the undersigned, following the holding of the Sixth Circuit Court of Appeals in *Chrysler Financial Corp. v. Nolan* (*In re Nolan*), 232 F.3d 528 (6th Cir. 2000), held that such modifications were impermissible. *See In re White*, 2008 WL 5071762 (Bankr. M.D. Ala. Nov. 25, 2008). However, the court for this district is split on the issue. *See In re Scarver*, 555 B.R. 822 (Bankr. M.D. Ala. 2016) (Sawyer, B.J.)(finding such good faith modifications were permissible). Although the holding in *Nolan* is the only circuit level decision on this issue, the majority of courts to have addressed the issue disagree with the holding in *Nolan*.

In finding that post-confirmation modifications that bifurcated claims were impermissible, the *Nolan* court focused on five points. First, the Court of Appeals in *Nolan* concluded that:

> [S]ection 1329(a) does not expressly allow the debtor to alter, reduce or reclassify a previously allowed secured claim. 11 U.S.C. § 1329(a) (1993). Instead, section 1329(a)(1) only affords the debtor a right to request alteration of the amount or timing of specific payments. ... A modification that reduces the claim of a secured debtor [sic] would add a claim to the class of unsecured creditors, a change prohibited by section 1329(a). Section 1329(a)(1) should not be read so broadly as to authorize the reclassification of claims.

*Id*. at 532–33 (citations omitted).

Second, the *Nolan* court stated:

> [T]he proposed modification would violate section 1325(a)(5)(B), which mandates that a secured claim is fixed in amount and status and

must be paid in full once it has been allowed. Debtors seeking modification are attempting to bifurcate a claim that has already been classified as fully secured into a secured claim as measured by the collateral's depreciated value and an unsecured claim as measured by any unpaid deficiency. This would negate the requirement of section 1325(a)(5)(B)(ii) that a plan is not to be confirmed unless the property to be distributed on account of a claim is not less than the allowed amount of the claim.

*Id*. at 533 (citations omitted).

Third, the Sixth Circuit held that a plan modification of this sort would impermissibly modify the res judicata effect of § 1327(a) with respect to the plan as originally confirmed. The court wrote that:

[The] proposed modification would contravene section 1327(a), because a contrary interpretation postulates an unlikely congressional intent to give debtors the option to shift the burden of depreciation to a secured creditor by reclassifying the claim and surrendering the collateral when the debtor no longer has any use for the devalued asset.

*Id*. at 533 (citation omitted).

Fourth, the *Nolan* court noted that under § 1329(a), "only the debtor, the trustee, and holders of unsecured claims are permitted to bring a motion to modify" a confirmed plan. *Nolan*, 232 F.3d at 534. To permit the debtor, through a modification, to surrender collateral and reclassify the remaining claim as an unsecured one would "create an inequitable situation where the secured creditor could not seek to reclassify its claim in the event that collateral appreciated, even though the debtor could revalue or reclassify the claim whenever the collateral depreciated." *Id*. at 534 (emphasis in original) (citation omitted).

Finally, the *Nolan* court drew a distinction between the terms "claim" and "payment" noting that § 1329 permitted modification of the amount of payments on a claim but not the amount of the claim itself: "'This section does not state that the plan may be modified to increase or reduce the amount of *claims*. This is of significance in relation to secured claims.'" *Id*. at 534 (quoting *In re Banks*, 161 B.R. 375, 378 (Bankr.S.D.Miss.1993) (emphasis in original).

Now, having reconsidered the earlier holding in *In re White,* the undersigned

is persuaded that the holdings as expressed in *Leuellen* and *In re Scarver*, which disagree with the five points raised in *Nolan*, are correct.

With regard to the *Nolan* holding that the language of § 1329 does not expressly allow the debtor to alter, reduce or reclassify a previously allowed secured claim but only affords the debtor the right to request alteration of the amount and timing of specific payments, *Leuellen* and *Scarver* counter that § 1329(a) also does not "expressly *prohibit*[] the reclassification of secured claims either because the statute is silent on the subject. Instead § 1329(a) merely mandates that any one of four separate requirements be met, and nothing more." *In re Scarver*, 555 B.R. at 834 (emphasis in original). Moreover, *Leuellen* notes that "[§] 1329(b)(1) establishes that several Code provisions that govern an original plan also govern post-confirmation modifications under [§] 1329(a)".[1] 322 B.R. at 652. Notably, "Section 1322(b)(8), which is one of the referenced sections, states that the plan may 'provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor.' This option contemplates surrender of collateral as a form of payment." *Leuellen*, 322 B.R. at 652 (quoting § 1322(b)(8)). Also incorporated by §1329(b), is §1325(a)(5)(C), which specifically allows for the surrender of collateral. "Accordingly, Congress's explicit incorporation of [§] 1322(b) and [§] 1325(a) into the standards for post-confirmation modification under [§] 1329(a) makes clear that Chapter 13 debtors retain the option to seek court permission to modify a confirmed plan by surrendering collateral to pay a secured claim." *Leuellen*, 322 B.R. at 653.

*Leuellen* counters *Nolan*'s point regarding res judicata by emphasizing the ease with which a debtor could dismiss and refile if such modifications are not permitted. *See Leuellen,* 322 B.R. at 653 ("'Because chapter 13 is completely voluntary, the debtor may propose any modified plan that satisfies the requirements of chapter 13. Res judicata does not bar such modifications by the debtor; the debtor usually could achieve the same result by dismissing the case and filing a new chapter 13 case.'" (quoting Collier, ¶ 1329.02, at 1329-4)); *In re Zieder*, 263 B.R. 114,118 (Bankr. D. Ariz. 2001)("Debtors who have difficulty making plan payments should be encouraged to reduce expenses, such as by surrendering a vehicles, rather than dismissing and refiling, or simply filing a chapter 7.")).

---

[1] Section 1329(b)(1) provides: "Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section."

*Leuellen* and *Scarver* maintain that "secured creditors are not as defenseless" as the court in *Nolan* implied. *Leuellen,* 322 B.R. at 659. The secured creditors have opportunity to object at initial confirmation "to ensure that they will receive sufficient payment to compensate them for any depreciation of their collateral." *Scarver*, 555 B.R. at 832. Contrary to Nolan's position that §1329(a) precludes secured creditors from modifying a plan, the court in *Scarver* noted that "[b]eing secured and being unsecured are not mutually exclusive concepts for a creditor who is undersecured. Instead, part of the creditor's claim would be secured and part of it would be unsecured pursuant to § 506(a), and the creditor would have standing under § 1329(a) as 'the holder of an allowed unsecured claim' to modify the plan and treat more of its claim as being secured in the event that the collateral appreciates." *Scarver*, 555 B.R. at 834–35. *Leuellen* added that good faith reasons for modification exist and that forbidding such a modifications "grants a windfall to creditors by removing permanently the risk that collateral will depreciate more than expected." 322 B.R. at 660. Moreover, secured creditors "retain sufficient protection against abusive modifications (e.g., situations where the debtor abused the collateral) because under § 1325(a)(3), as incorporated by § 1329(b)(1), a modified plan must be proposed in good faith." *Scarver*, 555 B.R. at 833.

Finally, the *Scarver* court identified the Sixth Circuit's distinction between "payments" and "claims" as reason to prohibit reduction of "claims" as an "artificial barrier within § 1329(a)(1)." 555 B.R. at 834. "[Section] 1329(a)(1) does not prohibit anything. It instead provides for the possibility of compliance with § 1329(a) through the reduction of payments towards a class of claims; the modification's effect on the claim itself is irrelevant in determining whether the literal language of § 1329(a)(1) has been satisfied." *Id*.

## Conclusion

For the foregoing reasons, Republic's objection to the debtor's post-confirmation plan modification will be overruled, and the debtor's modified plan will be approved.

Dwight H. Williams, Jr.
United States Bankruptcy Judge

Case 15-32592   Doc 65   Filed 08/15/17   Entered 08/15/17 15:02:29   Desc Main
Document      Page 5 of 5